IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 04-cv-00223-RPM

WEST AMERICAN INSURANCE CO.,

       Plaintiff,

v.

WESTPORT INSURANCE CO.,

       Defendant,

---

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

---

This action involves an insurance coverage dispute between West American Insurance Company (the plaintiff or "WAIC") and Westport Insurance Company (the defendant or "Westport"). The coverage dispute arises out of an automobile accident that occurred in Larimer County, Colorado on January 24, 2001. The factual background is set forth in Stipulated Facts submitted jointly by WAIC and Wesport:

1.    On January 24, 2001, an automobile accident occurred involving a dump truck-trailer and a car. During travel, the trailer detached from the dump truck and collided with the car.

2.    Dennis J. Beaman d/b/a Beaman Trucking ("Beaman") leased and operated the dump truck involved in the accident.

3.    Flat Coat Asphalt Specialists, LLC ("Flat Coat") owned the trailer involved in the accident.

-1-

4.      Yvonne LaPlatt, the driver of the car, sustained fatal injuries as a result of the accident.

5.      On August 21, 2001, Ms. LaPlatt's heirs filed a lawsuit against, *inter alia*, Dennis J. Beaman d/b/a/ Beaman Trucking and Flat Coat Asphalt Specialists, LLC, Case No. 01CV911, in  Larimer County District Court, State of Colorado ("LaPlatt lawsuit").

6.      Prior to the accident Flat Coat hired Beaman to transport various products and equipment used in Flat Coat construction projects.

7.      Several months prior to the accident, Flat Coat and Beaman had a discussion regarding the hourly rate charged by Beaman for its hauling services.  Flat Coat agreed to continue to pay Beaman a rate of $50.00 per hour if Beaman would haul Flat Coat's equipment.

8.      Flat Coat paid for the parts and installation of a tow package on Beaman's dump truck in order to attach Flat Coat's trailers for transport of Flat Coat's equipment.

9.      Immediately prior to the accident, a Flat Coat trailer was loaded with equipment owned by Flat Coat.  Both Beaman and Flat Coat's employees secured the trailer to the dump truck.

10.     Beaman was insured by defendant Westport under Business Automobile Policy #MCP 9101066-01 with liability limits of $1 million each accident.

11.     Flat Coat was insured by plaintiff WAIC under Business Automobile Policy #BAW 52730892 with liability limits of $500,000 each accident.

12.      Westport, on behalf of Beaman, settled the LaPlatt lawsuit by paying the sum of $525,000.

13.      WAIC, on behalf of Flat Coat, settled the LaPlatt lawsuit by paying the sum of $475,000.

(Stipulated Facts, Nov. 15, 2004).

In December 2003, WAIC brought suit against Westport in the District Court for the City and County of Denver, Colorado, alleging that the insurance coverage provided by WAIC to Flat Coat is excess to the coverage afforded by Westport in the Beaman policy. WAIC's complaint seeks declaratory relief determining that the settlement funds contributed by WAIC should have been paid entirely by Westport. WAIC requests entry of judgment in its favor in the amount of $475,000, and its costs and attorney's fees incurred in the defense of Flat Coat in the LaPlatt lawsuit. The action was removed to this court on the basis of diversity jurisdiction. On February 26, 2004, Westport answered the complaint. Westport subsequently requested and was granted leave to file a counterclaim against WAIC. Westport's counterclaim alleges that the policies of both Westport and WAIC were primary for both insureds, Flat Coat and Beaman. Westport seeks a declaratory judgment determining that the policies should have paid equally toward the settlement of the claims for the wrongful death of Yvonne LaPlatt. Westport requests judgment in its favor in the amount of $25,000.

On November 15, 2004, WAIC moved for summary judgment in its favor on its claim for declaratory relief and on the defendant's counterclaim. On that same date, Westport moved for summary judgment in its favor, requesting dismissal of the claims asserted by WAIC and entry of judgment in favor of Westport on its counterclaim in the amount of $25,000.

In addition to the stipulated facts recited above, the parties submitted the insurance policies and other documentary evidence, deposition testimony and affidavits. There is no dispute that both the Westport/Beaman policy and WAIC/Flat Coat policy provided coverage for damages caused by the accident. In both policies, the Business Auto Coverage Form provides:

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."

(Westport/Beaman policy, Business Auto Coverage Form, Section II, Liability Coverage; WAIC/Flat Coat policy, Business Auto Coverage Form, Section II, Liability Coverage). Both policies define "auto" to include "a land motor vehicle, 'trailer' or semitrailer designed for travel on public roads . . . ," and both policies state that "'[t]railer' includes semitrailer." (Westport/Beaman policy, Business Auto Coverage Form, Section V Definitions; WAIC/Flat Coat policy, Business Auto Coverage Form, Section V Definitions). According to those definitions, Flat Coat's trailer was a "covered 'auto'" for liability under the WAIC/Flat Coat policy. In the Westport//Beaman policy, the Beaman dump truck was listed on the Schedule attached to the Business Auto Coverage Form Declarations, and designated with symbol "7," the symbol for "specifically described autos." This designation includes "'trailers' you don't own while attached to power units you own." Thus, under the Westport/Beaman policy, both the Beaman dump truck and the trailer attached to the dump truck were covered autos.[1]

---

[1]The truck was a 1991 Peterbilt Model 377 that Beaman leased from Park Western, a company located in Golden, Colorado. Beaman's lease arrangement with Park Western is not relevant to any coverage issue in this action.

Westport has submitted evidence and an additional statement of undisputed facts relating to the causes of the accident.  There is no dispute that the accident arose out of the use of both the dump truck and the trailer.  *See Blue Bird Body Co. v. Ryder Truck Rental, Inc.*, 583 F.2d 717, 726 (5th Cir. 1978) ("[A]n accident involving a tractor/trailer unit arises out of the use of both regardless of which part of the unit was actually involved in the accident.").  In this action it is undisputed that Beaman's conduct and Flat Coat's conduct contributed to the accident.

The issue presented concerns the following condition stated in the Business Auto Coverage Form in the WAIC/Flat Coat policy:

**5.    OTHER INSURANCE**

a.    For any covered "auto" you own, this Coverage Form provides primary insurance.  For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance.  However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Liability Coverage this Coverage Form provides for the "trailer" is:

(1)    Excess while it is connected to a motor vehicle you do not own.

(2)    Primary while it is connected to a covered "auto" you own.

WAIC argues that the plain language of the this provision dictates that the coverage provided by WAIC to Flat Coat was excess to the coverage provided by Westport to Beaman.  Wesport seeks to avoid this result, arguing that the WAIC/Flat Coat policy provided coverage for hired autos and that Flat Coat hired the Beaman dump truck.  Westport contends that under the Hired Auto Endorsement to the WAIC/Flat Coat policy, a hired auto is to be considered an auto owned by the insured, and consequently, the coverage provided by both policies is co-primary.  Westport

-5-

further argues that an equal allocation of insurance liability is an equitable result because causes of the accident included Flat Coat's overloading of the trailer and Flat Coat's negligent maintenance of the trailer's emergency brake system.  WAIC asserts that the causes of the accident are not relevant to resolution of this coverage dispute; it denies that Flat Coat hired the Beaman dump truck, and it disputes Westport's interpretation of the WAIC/Flat Coat policy.

The parties agree that the governing law in this diversity action is the law of Colorado. "When one insurance company is 'primary' and the other policy is 'excess,' the primary insurer pays for damages up to the limits of its policy; when that policy is exhausted, the excess insurer covers any remaining damages up to the limits of its policy." *Allstate Ins. Co. v. Avis Rent-a-Car System, Inc.*, 947 P.2d 341, 346 (Colo. 1997) (citing Appleman, *Insurance Law and Practice* § 4909 (1981)).  Resolution of the coverage dispute presented in this action does not depend on how the conduct of Beaman and Flat Coat contributed to the accident.  "Whether or not an insured is found primarily liable has nothing to do with whether a particular policy provides primary or excess coverage.  That depends on the terms of the policy." *Aviles v. Burgos*, 783 F.2d 270, 278 (1st Cir. 1986).

The plain language of the "other insurance" clause in the WAIC/Flat Coat policy controls the outcome of this coverage dispute.  The WAIC/Flat Coat policy provides that with respect to any auto not owned by Flat Coat, the coverage under that policy is excess over any other collectible insurance, and with respect to a trailer, the coverage is excess while the trailer is connected to a motor vehicle that the insured does not own.  Flat Coat did not own the Beaman dump truck.  Coverage under the WAIC/Flat Coat policy was excess to coverage under the Westport/Beaman policy.

The fact that the WAIC/Flat Coat policy provided coverage for autos leased, borrowed, or hired by Flat Coat does not change the outcome.  In the WAIC/Flat Coat policy, the Hired Auto Endorsement includes a Schedule for specifying the description of hired autos.  The Schedule in that endorsement form is blank, *i.e.,* no autos are described.  The endorsement form states:

> (If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

> **A**.      Any "auto" described in the Schedule will be considered a covered "auto" you own and not a covered "auto" you hire, borrow or lease under the coverage for which it is a covered "auto."

(WAIC/Flat Coat policy, Endorsement CA 99 16 12 93 – Hired Autos Specified as Covered Autos You Own).  The Beaman dump truck was not described in the Schedule to the Endorsement or in the Declarations to the WAIC/Flat Coat policy.  In the absence of any such description in the Schedule or the Declarations, there is no basis under the WAIC/Flat Coat policy for considering the Beaman dump truck to be an auto owned by Flat Coat for purposes of the "Other Insurance" provision of the policy.  Whether Flat Coat hired the Beaman dump truck is not significant.  According to the language of the Hired Auto Endorsement, an auto hired by the insured must be specifically described for it to be considered a "covered 'auto' you own."

The Westport/Beaman policy provided coverage for $1,000,000 per accident.  The LaPlatt lawsuit was settled for $1,000,000.  The entire settlement should have been paid by Westport, and the excess insurance provided by the WAIC policy was not required to pay any part of the claim.

Accordingly, it is

ORDERED that the plaintiff's motion for summary judgment on complaint for declaratory relief and defendant's counterclaim is granted; it is

FURTHER ORDERED that the defendant's motion for summary judgment is denied, and it is

FURTHER ORDERED that on or before May 1, 2006, the plaintiff shall submit a statement of amounts claimed to be due it on its prayer for relief.

Dated:  April 10, 2006

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge