IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 04-cv-00223-RPM

WEST AMERICAN INSURANCE CO.,

       Plaintiff,

v.

WESTPORT INSURANCE CO.,

       Defendant,

---

## ORDER FOR ENTRY OF JUDGMENT

---

On April 10, 2006, the court entered summary judgment in favor of plaintiff West American Insurance Company ("WAIC"), and ordered the plaintiff to submit a statement of amounts claimed to be due it on its prayer for relief.   On April 21, 2006, WAIC submitted its statement, claiming the following amounts:

(1)      $ 475,000.00 for the amount WAIC contributed to the settlement of the LaPlatt lawsuit;

(2)      $ 133,895.35 for prejudgment interest pursuant to C.R.S. § 5-12-102, accruing on the principal amount of $ 475,000.00, at the rate of 8 % per annum, compounded annually, from the date of the settlement of the LaPlatt lawsuit (January 20, 2003) through the date of this court's order granting summary judgment in favor of WAIC;

(3)      $ 49,719.41 for attorney/paralegal fees and costs, including expert witness fees,

that WAIC incurred in defending Flat Coat Asphalt Specialists, LLC in the LaPlatt

lawsuit, and

(4)     $14,024.05 for prejudgment interest on the attorneys' fees and costs.

Defendant Westport Insurance Company ("Westport") opposed WAIC's statement of amounts

claimed to be due, arguing that the terms of its policy to Dennis J. Beaman (the

"Westport/Beaman policy") limit its liability in this action to $475,000.00, and that it has no

obligation to pay Flat Coat's litigation expenses.

WAIC's claim for prejudgment interest is based on C.R.S. § 5-12-102, which governs

prejudgment interest on damages from the date of wrongful withholding.  WAIC brought this

action to enforce Westport's obligation to provide primary insurance coverage.  WAIC's claim

for prejudgment interest does not arise under C.R.S. § 13-21-101, and does not originate from the

personal injury damages claimed in the LaPlatt lawsuit.  An award of prejudgment interest in

excess of Westport's policy limits is appropriate in this action.  *See Peterman v. State Farm Mut.*

*Auto. Ins. Co.*, 8 P.3d 549, 551 (Colo. App. 2000).

WAIC is not entitled to reimbursement of the attorneys' fees and costs it incurred in

defending Flat Coat in the LaPlatt lawsuit.  When multiple insurers are obligated to defend an

insured and one insurer funds the defense, principles of contribution or subrogation may be

employed to apportion or reallocate the insured's litigation expenses among those insurers who

had a duty to defend.  Those principles do not apply here.  WAIC has not identified any language

in the Westport/Beaman policy that would impose an obligation on Westport to defend Flat Coat.

The plaintiffs in the LaPlatt lawsuit alleged negligence on the part of Beaman and Flat Coat.

Westport defended the LaPlatt lawsuit on behalf of Beaman, and WAIC provided the defense of

its insured, Flat Coat.  The fees and costs that WAIC incurred defending Flat Coat were its own

obligation, resulting from WAIC's contractual duty to defend its insured.

Accordingly, it is

ORDERED that judgment shall enter in favor of the plaintiff in the principal amount of

$ 475,000.00, and prejudgment interest from January 20, 2003 through April 11, 2006 in the

amount of $ 133,895.35, and from April 12, 2006 until the date of judgment at the rate of

$ 131.15 per day.

Dated: May 25, 2006

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch, Senior District Judge