IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 04-cv-00223-RPM

WEST AMERICAN INSURANCE CO.,

       Plaintiff,

v.

WESTPORT INSURANCE CO.,

       Defendant,

ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

On April 21, 2006, following this court's order granting summary judgment in favor of the plaintiff West American Insurance Company ("WAIC"), WAIC submitted its Statement of Amounts Claimed Due and requested, among other items, reimbursement from the defendant of the entire litigation expenses that WAIC incurred defending Flat Coat Asphalt Specialists, LLC in the LaPlatt lawsuit. WAIC's Statement of Amounts Claimed Due did not articulate the basis for this claim and cited no legal authority in support of it. When the defendant disputed this item of damages, WAIC responded, citing two cases: *Finizio v. Am. Hardware Mut. Ins. Co.*, 967 P.2d 188 (Colo. App. 1998), and *Colonial Ins. Co. v. Am. Hardware Mut. Ins. Co.*, 969 P.2d 796 (Colo. App. 1998). Those cases are factually distinguishable from the present case, and the court denied WAIC's request for attorneys' fees and costs. On June 7, 2006, WAIC moved pursuant to Rule 59(e), arguing that the judgment in it favor should be amended to include the requested litigation expenses. WAIC's Rule 59 motion raises arguments previously considered, and raises

arguments and cites case law that WAIC could have, but did not cite, when this issue was briefed before the entry of judgment. WAIC's request for reimbursement of the Flat Coat litigation expenses apparently is a claim for contribution or equitable subordination (it is not clear which), but WAIC did not articulate how either of those theories, applied to the facts of this case, supports shifting the entire cost of Flat Coat's defense to Westport Insurance Company. A motion under Rule 59 is not available to identify new arguments that a party simply failed to raise initially, and WAIC's motion does not present any newly discovered evidence, nor does it show that the judgment was the result of clear legal error.

Based on the foregoing, it is

ORDERED that the plaintiff's motion to alter or amend judgment is denied.

Dated: June 22, 2006

                                                  BY THE COURT:

                                                  s/Richard P. Matsch

                                                  _____

                                                  Richard P. Matsch, Senior District Judge